UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21802-Civ-COOKE/TURNOFF

GERARDO BACA, *et al.*,

    Plaintiffs
vs.

FLORIDA ROOFING SOLUTIONS, INC.,
*et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before me on Defendants' Motion for Summary Judgment. ECF No. 23. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided below, Defendants' Motion for Summary Judgment is granted.

**I. BACKGROUND**

On May 11, 2012, Plaintiff Gerardo Baca, on behalf of himself and all others similarly situated, filed this action against Defendants Florida Roofing Solutions, Inc. ("Florida Roofing"), Edwin Gaitan, and Jorge Gaitan to recover overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

The Defendants moved for summary judgment on the ground that: (i) Plaintiff cannot establish a claim for unpaid overtime wages; (ii) there is no evidence that Jorge Gaitan was an employer within the definition of the FLSA; (iii) Plaintiff cannot maintain a collective action; and (iv) Plaintiff's claim must be governed by the two year statute of limitation because there is no evidence of any willful violation in this case. Defs.' Mot. for Summ. J. 6-12. In his Response, Plaintiff acknowledged that he elected not to pursue the collective action aspect of his

case and, accordingly, never filed a motion for provisional certification within the corresponding deadline. Resp. to Defs.' Mot. for Summ. J. 10, ECF No. 28. Plaintiff agrees that this issue is moot and that he is now only proceeding on his own behalf. *See id.* Plaintiff, however, denies that the three other grounds warrant a judgment as a matter of law. *See id*. at 1-13. Defendants filed a Reply. Reply to Defs.' Mot. for Summ. J. 10, ECF No. 30. The parties agree on a limited set of facts.

Plaintiff identifies the period of claim as May 11, 2009 through March 20, 2012. Defs.' Statement ¶4; Pl.'s Statement ¶4. During this time, Plaintiff was an employee of Florida Roofing. Defs.' Statement §5; Pl.'s Statement §5. Defendants allege that the standard day of work was from 6:00 a.m. to 3:00 p.m., with one hour lunch breaks. Defs.' Statement ¶1; E. Gaitan Aff. ¶4. Plaintiff contends that the regular work schedule started at 5:45 a.m. and ended at 4:00 p.m. with irregular lunch breaks not to exceed 30 minutes. Pl.'s Statement ¶1; Baca Aff. ¶5.

Florida Roofing maintained time cards which identify the time in and time out for each day worked by an individual employee. Defs.' Statement ¶2; E. Gaitan Aff. ¶5. Florida Roofing's bookkeeper reviewed the time cards and then submitted them to a third party payroll company for issuance of checks to the individual employees. Defs.' Statement ¶3; E. Gaitan Aff. ¶6. However, Plaintiff denies the accuracy of the time sheets and states that "he did not see time cards for all the weeks during the claim period." Pl.'s Statement ¶¶2-3. Plaintiff testified that his signature appears on a number of the time cards maintained by Florida Roofing. Defs.' Statement ¶6; Pl.'s Statement ¶6; Baca Dep. 41-43.

Florida Roofing produced check register logs reflecting the payments made by Florida Roofing's payroll company to Plaintiff for the entire period of claim. Defs.' Statement ¶6; E.

Gaitan Aff. ¶8. Plaintiff denies the accuracy of these logs. Pl.'s Statement ¶7; Baca Aff. ¶5. Florida Roofing paid Plaintiff for overtime work, but Plaintiff disputes that Florida Roofing paid for all overtime hours worked. Defs.' Statement ¶8; Pl.'s Statement ¶8.

Florida Roofing has obtained affidavits[1] from Vincente Hernandez and Abel Abrego, who worked with Plaintiff on local projects. Defs.' Statement ¶¶17-18; Pl.'s Statement ¶¶17-18; Local Projects Aff. The affidavits state that Plaintiff did not work any more hours than the employees on the listed projects. Defs.' Statement ¶19; Pl.'s Statement ¶19. The affidavits further state that the employees had time cards for the projects and that they were paid overtime by Florida Roofing. Defs.' Statement ¶20; Local Projects Aff.

In 2011, Florida Roofing served as a subcontractor on a project in Puerto Rico. Defs.' Statement ¶9; Pl.'s Statement ¶9. The standard work day for Florida Roofing employees on the Puerto Rico project was 7:00 a.m. to 5:00 p.m. Defs.' Statement ¶10; Pl.'s Statement ¶10. These hours were contractually mandated because the work being performed by Florida Roofing in Puerto Rico was on a military base. Defs.' Statement ¶11; Pl.'s Statement ¶11. Plaintiff testified he worked 10 overtime hours a week on the Puerto Rico Project. Defs.' Statement ¶32; Pl.'s Statement ¶32. Plaintiff admitted that lunch breaks lasted one hour. Pl.'s Statement ¶1; Baca Dep. at 15.

Florida Roofing has obtained affidavits from seven employees that worked with Plaintiff on the Puerto Rico Project. Defs.' Statement ¶¶12-13; Pl.'s Statement ¶¶12-13; Puerto Rico Project Aff. These employees declared under oath that Plaintiff lived in the same apartment complex in Puerto Rico and that they commuted to the jobsite everyday with Plaintiff. Defs.'

---

[1] The Defendants cite to the local projects affidavits and to the Puerto Rico project affidavits. The affidavits, however, have not been submitted with a certified translation in English and are considered to the extent that the parties agreed to their content. See Local Projects Aff.; Puerto Rico Project Aff. Plaintiff has admitted to their content but did not adopt and contests the truth of the statements made by the employees. Pl.'s Statement ¶12-20.

Statement ¶14; Pl.'s Statement ¶14. These employees further testified that Plaintiff did not work any more hours than the other employees. Defs.' Statement ¶15; Pl.'s Statement ¶15. They all acknowledge that they had time cards and were paid overtime by Florida Roofing. Defs.' Statement ¶14.

Plaintiff testified that he has no documents supporting his claim. Defs.' Statement ¶33; Pl.'s Statement ¶33. He further testified that he has no personal knowledge as to whether any other employees had not been paid overtime by Florida Roofing. Defs.' Statement ¶35; Baca Dep. at 56.[2] Prior to filing this lawsuit, Plaintiff never notified anyone at Florida Roofing that he was owed overtime wages. Defs.' Statement ¶22; Pl.'s Statement ¶22. Finally, Plaintiff testified that Edwin Gaitan fired him. Defs.' Statement ¶34; Baca Dep. at 58.

## II. Legal Standards

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

"The party moving for summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986)). Once the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible

---

[2] Pursuant to Rule 56.1 of the Local Rules of the Southern District of Florida, "[a]ll material facts set forth in the statement [. . . ] will be admitted unless controverted by the opposing party's statement." S.D. Fla. L.R. 56.1. Because Plaintiff failed to controvert the allegations in paragraphs 34 and 35 of Defendants' Statement of Facts, they are deemed admitted.

evidence beyond the pleadings. *Id*. at 1315. Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

When the non-moving party bears the burden of persuasion at trial, the party moving for summary judgment may satisfy Rule 56's burden of production by either (i) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," or (ii) demonstrating to the court that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 331. "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id*.

### III. DISCUSSION

Defendants seek summary judgment on Plaintiff's claim for unpaid overtime, arguing that the uncontroverted evidence shows that Florida Roofing's records are accurate and Plaintiff was paid for all overtime hours. Defs.' Mot. for Summ. J. Plaintiff, on the other hand, disputes that the records were accurate and argues that, as a result, the burden was on to the employer to come forward with the precise amount of work he performed during the period of the claim. Resp. to Defs.' Mot. for Summ. J. 4-6. Plaintiff further argues that genuine issues as to the exact number of hours preclude the entry of summary judgment. *Id.* at 6.

An employee "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*; *Solano v. A Navas Party Prod., Inc.*, 728 F. Supp. 2d 1334, 1342 (S.D. Fla. 2010). "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records." Where

5

the records are inaccurate or inadequate, however, and if the employee cannot offer convincing substitutes, the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *See id.* at 688.

In this case, Defendants argues that Plaintiff has not met his initial burden because Plaintiff has presented no document supporting his claim and has failed to produce any evidence that would refute the accuracy of Florida Roofing's records. Defs.' Mot. for Summ. J. 6-7. I agree. Defendants have produced the time cards identifying the time in and time out for each day Plaintiff worked during the time period at issue. *See* Time cards, ECF No. 28-2. Plaintiff testified his signature appears on a number of them. Defs.' Statement ¶6; Pl.'s Statement ¶6. Defendants also produced the payroll records showing that Florida Roofing paid Plaintiff overtime. *See* Register logs. ECF No. 30-1. Plaintiff testified that both in Florida and Puerto Rico, he always went to a job with other employees, had the same breaks as the other employees, and returned to the office with them. Baca Aff. 12-15. Plaintiff further testified that he did not work any more hours than other employees. Baca Aff. 15.

Florida Roofing has introduced affidavits from Vincente Hernandez and Abel Abrego, who worked with Plaintiff on local projects. Defs.' Statement ¶¶17-18; Pl.'s Statement ¶¶17-18; Local Projects Aff. The affidavits state that Plaintiff did not work any more hours than the employees on the listed project. Defs.' Statement ¶19; Pl.'s Statement ¶19; Local Projects Aff.

Florida Roofing also has introduced affidavits from seven employees that worked with Plaintiff on the Puerto Rico Project, all of which testified they worked the same number of hours

as Plaintiff. Defs.' Statement ¶¶12-15; Pl.'s Statement ¶¶12-15. These hours were contractually mandated because the work being performed by Florida Roofing in Puerto Rico was on a military base. Defs.' Statement ¶11; Pl.'s Statement ¶11.

Plaintiff, on the other hand, offers no evidence besides its own testimony to support his allegation that the Florida Roofing's records were inaccurate. Plaintiff testified he has no document to support his claim. Defs.' Statement ¶33; Pl.'s Statement ¶33. Plaintiff only states that his regular schedule was from 5:45 a.m. to 4 p.m. with lunch breaks that lasted less than one hour, when he had a lunch break at all. Baca Aff. 1. Plaintiff argues that the lunch breaks were not reflected on the time cards and therefore the time cards were inaccurate. Resp. to Defs.' Mot for Summ. J. 5. However, Edwin Gaitan testified that all employees had the same breaks, *i.e.* a 15 minute break in the morning and a 45 minute break for lunch, and that those breaks were not reflected in the time cards because they were standard for all employees. E. Gaitan Aff. 25. The affidavits of the nine employees who worked with Plaintiff on local projects or on the Puerto Rico project testified that Plaintiff had the same breaks and did not work any more hours than they did. Defs.' Statement ¶¶15;19; Pl.'s Statement ¶¶15;19.

Thus, I conclude that Plaintiff has not produced evidence to meet his initial burden of proof regarding the inaccuracy of Florida Roofing's time records. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Carson v. J Curt Inc.*, 1:06-CV-00098-MP-AK, 2007 WL 601925, at *2 (N.D. Fla. Feb. 21, 2007) (finding that, where the defendant has produced time records, plaintiff could not rely only on his own

7

uncorroborated testimony to defeat a motion for summary judgment). Accordingly, Defendants' Motion for Summary Judgment is granted.

Because Plaintiff cannot establish a claim for unpaid overtime wages, I do not need to address whether Jorge Gaitan was an employer within the definition of the FLSA and whether Plaintiff's claim must be govern by the two-year statute of limitation.

## VI. BACKGROUND

Accordingly, it is **ORDERED and ADJUDGED** that:

1. Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED**.

2. The Clerk is directed to **CLOSE** this case.

3. All pending motions are **DENIED as moot**.

4. The Calendar Call scheduled today is cancelled.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of March 2013.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*